UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. Pedro Ortiz-Barrios                               Docket Number: 06-cr-00302-EWN-01

**Petition on Supervised Release**

COMES NOW, Christine A. Zorn, probation officer of the court, presenting an official report upon the conduct and attitude of Pedro Ortiz-Barrios who was placed on supervision by the Honorable Harry L. Hupp sitting in the court at Central District of California, on the 23rd day of June, 1997, who fixed the period of supervision at four (4) years, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318.

2. The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and using alcohol, and abusing prescription medication during the period of supervision.

3. If the amount of any mandatory assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay such remainder as directed by the Probation Officer.

4. The defendant shall comply with the rules and regulations of the Immigration and Naturalization Service , and if deported from this country, either voluntary or involuntary, not reenter the United States illegally. Within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office.

On August 3, 2006, jurisdiction of this case was transferred from the Central District of California to the District of Colorado.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attachment hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the supervised release violation hearing in Docket No. 06-cr-00302-EWN-01, and the sentencing hearing in Docket No. 04-cr-00396-EWN-01, be consolidated for sentencing on September 29, 2006, 10:00 a.m.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 30th day of August, 2006, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | |
| s/ Edward W. Nottingham | Christine A. Zorn<br>Senior U.S. Probation Officer |
| Edward L. Nottingham<br>United States District Judge | Place:  District of Colorado |

PROB 12
(02/05-D/CO)

Date: August 22, 2006

# ATTACHMENT

Attached hereto as Exhibit A and incorporated by reference is a true copy of the Judgement and Order of Conviction signed by the Honorable Harry L. Hupp, United States District Judge, Central District of California, on June 23, 1997 (Docket No. CR97-00138-HLH).

Attached hereto as Exhibit B and incorporated by reference is a true copy of the Transfer of Jurisdiction order signed by the Honorable Ronald S.W. Lew, United States District Judge, Central District of California, and the Honorable Lewis T. Babcock, Chief United States District Judge, District of Colorado.  This order transferred jurisdiction from the Central District of California to the District of Colorado effective August 3, 2006.

The defendant has committed the following violations of supervised release:

1. **SPECIAL CONDITION: THE DEFENDANT SHALL NOT ENTER THE UNITED STATES ILLEGALLY/FAILURE TO REPORT FOR SUPERVISION**

On or about September 7, 2004, the defendant reentered the United States illegally, and failed to report to the United States Probation Office within 72 hours, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On June 23, 1997, the defendant was sentenced to 57 months imprisonment and four (4) years supervised release in violation of 8 U.S.C. § 1326.  One special supervised release condition was imposed:

> "The defendant shall comply with the rules and regulations of the Immigration and Naturalization Service , and if deported from this country, either voluntary or involuntary,  not reenter the United States illegally.  Within 72 hours of release from any custody or any reentry to the United States during the period of Court-ordered supervision, the defendant shall report for instructions to the U.S. Probation Office."

On or about March 20, 2001, the defendant was released and deported from the United States to the Republic of Mexico commencing his term of supervised release.  The defendant's term of supervised release expired on March 19, 2005.

The defendant was arrested in the District of Colorado, Case No. 04-cr-00396-EWN-01, on September 7, 2004.  Bureau of Immigration and Customs Enforcement records reflect the defendant illegally returned to the United States following his deportation to the Republic of Mexico on or about March 20, 2001, and subsequent to his conviction in the Central District of California Docket No. CR-97-138-HLH.  United States Probation records for the Central District of California reflect the defendant did not report for supervision upon his return to the United States.

2. **VIOLATION OF LAW: DISTRIBUTION OF A SCHEDULE I CONTROLLED SUBSTANCE**

On or about September 7, 2004, the defendant committed the offense of Distribution of a Controlled Substance, a Class A felony, which constitutes a Grade A violation of supervised release.

This charged is based on the following facts:

On or about March 20, 2001, the defendant was released and deported from the United States to the Republic of Mexico commencing his term of supervised release.  The defendant's term of supervised release expired on March 19, 2005.

PROB 12
(02/05-D/CO)

On September 20, 2004, a two-count Indictment was filed in the District of Colorado, Case No. 04-cr-00396-EWN-01, charging the defendant in Count One with Knowingly and Intentionally Conspiring to Possess with Intent to Distribute 500 Grams or More of a Schedule II Controlled Substance, Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and in Count Two with Knowingly and Intentionally Possess with Intent to Distribute 500 Grams or More of a Schedule II Controlled Substance, Methamphetamine and Aiding and Abetting the Same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

On November 17, 2004, a two-count First Superseding Indictment was filed in the District of Colorado charging the defendant in Count One with Knowingly and Intentionally Conspiring to Possess with Intent to Distribute 500 Grams or More of a Schedule II Controlled Substance, Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; and in Count Two with Knowingly and Intentionally Possess with Intent to Distribute 500 Grams or More of a Schedule II Controlled Substance, Methamphetamine and Aiding and Abetting the Same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. The Court dismissed the First Superseding Indictment without prejudice with respect to the defendant on April 13, 2005.

On December 7, 2005, a one-count Second Superseding Indictment was filed in the District of Colorado charging the defendant with Possession with Intent to Distribute 500 Grams or More of Methamphetamine and Aiding and Abetting the Same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2.

On May 18, 2006, the defendant appeared before Your Honor and pleaded guilty to Count 1of the Second Superseding Indictment: Possession With Intent to Distribute 500 Grams or More of Methamphetamine and Aiding and Abetting the Same, a Class A felony. Sentencing is scheduled on September 29, 2006, at 10:00 a.m.

**3.     VIOLATION OF LAW: UNLAWFUL RE-ENTRY FOLLOWING DEPORTATION AFTER CONVICTION FOR AN AGGRAVATED FELONY**

On or about September 7, 2004, the defendant committed the offense of Unlawful Re-Entry Following Deportation After Conviction for an Aggravated Felony, in violation of 8 U.S.C. § 1326, which constitutes a Grade A violation of supervised release.

This charge is based on the following facts:

On or about March 20, 2001, the defendant was released and deported from the United States to the Republic of Mexico commencing his term of supervised release. The defendant's term of supervised release expired on March 19, 2005.

On September 7, 2004, a one-count indictment was filed in the United States District Court, District of Colorado, Docket No. 05-cr-00077-MSK, charging the defendant with Illegal Re-Entry After Deportation After Deportation for a Felony, in violation of 8 U.S.C. § 1326. This offense is a Class A felony.

On August 23, 2 005, the defendant appeared before the Honorable Marcia S. Krieger, United States District Judge, District of Colorado, and pleaded guilty to the Indictment. On October 31, 2005, the defendant was sentenced to 46 months custody and three (3) years supervised release. The defendant has been detained at the Jefferson County Jail, the Teller County Jail, and, most recently, the Federal Detention Center.